§ 1254 (repealed 1996). The Supreme Court has created a limit to the retroactivity of the change. *See INS v. St. Cyr*, 533 U.S. 289, 316–21, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). Unlike the alien in *St. Cyr*, though, Garcia had no expectation of eligibility for suspension of deportation when he pled guilty in 1991 to delivery of more than a quarter ounce of marijuana, because that offense was an aggravated felony under the law at the time. *See Carranza–De Salinas v. Gonzales*, 477 F.3d 200, 205 (5th Cir.2007) (holding that an alien must show "actual, subjective reliance on the pre-IIRIRA state of the law to be eligible for relief"). The change in the law did not change the disqualifying effect of his prior conviction. In addition, Garcia did not have the requisite 10 years of residence in the United States at the time of his 1991 conviction. *See* INA § 244(a)(2) (repealed 1996). The IIRIRA's repeal of suspension of deportation therefore had no retroactive effect on Garcia.

We accept that Garcia, at least by 2005, had raised in the proper manner to the proper authorities his equitable arguments regarding his daughter's medical needs and any other issues by which he wished to obtain a deferral of action from the Department of Homeland Security. Even at this late date, Garcia has not shown that he has obtained such discretionary relief. There is no legal basis in the proceedings before us on which to grant that form of relief.

Garcia's petition for review of the decision of the BIA is DENIED. His motion for a stay of removal is DENIED. The Government's motion to withdraw its supplemental brief regarding an issue now seen as moot is GRANTED.

**Daisan A. NETTLES; Director, Office of Worker's Compensation Programs, U.S. Department of Labor, Petitioners**

v.

**NORTHROP GRUMMAN SHIP SYSTEMS INC.,**
**Respondent.**

No. 08–60567.

United States Court of Appeals, Fifth Circuit.

April 9, 2009.

Robert E. O'Dell, Vancleave, MS, for Petitioners.

Traci Marie Castille, Franke & Salloum, Gulfport, MS, for Respondent.

Before JOLLY, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

AFFIRMED. *See* 5TH CIR. R. 47.6.

---

* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

**Arlyn CHAPAS–OSORTO, Petitioner**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General, Respondent.**

No. 08–60319

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

April 9, 2009.

Salvador Colon, Law Office of Salvador Colon, Houston, TX, for Petitioner.

Dalin Riley Holyoak, Thomas Ward Hussey, Director, Norah Ascoli Schwarz, Don George Scroggin, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, Sharon A. Hudson, U.S. Citizenship & Immigration Services, Houston, TX, for Respondent.

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Arlyn Chapas–Osorto (Chapas) petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the denial of her application for withholding of removal. She argues that, because no particular social group was identified in the administrative proceedings, it is impossible to determine whether she established eligibility for withholding of removal.

This court will uphold the findings that an alien is not eligible for withholding of removal if that finding is supported by substantial evidence. *Chun v. INS,* 40 F.3d 76, 78 (5th Cir.1994). The substantial evidence standard requires that the decision be based on the record evidence and that the decision be "substantially reasonable." *Carbajal–Gonzalez v. INS,* 78 F.3d 194, 197 (5th Cir.1996). Under this standard, the BIA's determination will be affirmed unless the "evidence compels a contrary conclusion." *Id.* Further, the petitioner bears the burden of showing "that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecu-

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.